```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

DIRECTV, INC.,                  )
     Plaintiff,                 )
                                )
     v.                         )     C.A. No. 03-12292-MLW
                                )
CRAIG PATRICK,                  )
     Defendant.                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 17, 2004

This is one of several cases before the court brought pursuant to 47 U.S.C. §605 and 18 U.S.C. §2520 in which the plaintiff, DIRECTV, Inc., represented by John M. McLaughlin, has obtained an entry of default and moved for a default judgment. Ordinarily, "there is no question that, default having been entered, each of [DIRECTV]'s allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law." Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985). However, the Federal Rules of Civil Procedure operate as a cohesive whole and the court is hesitant to apply automatically the provisions of Rule 55 relating to default judgments when the facts raise a question of whether one of the other rules has been violated.

More specifically, the allegations in what appears to be a form complaint filed in this case raise the question of whether plaintiff's counsel has violated Federal Rule of Civil Procedure 11(b) in signing the Complaint in view of certain factual

allegations in the Complaint. Rule 11(c)(1)(B) provides that "[o]n its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) [of Rule 11] and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." The court is taking the initiative in this case and providing both the plaintiff and its attorney an opportunity to inform the court of the inquiries that they each performed before filing the Complaint in this case. The court will consider whether the responses indicate that sanctions should be imposed on either DIRECTV, McLaughlin or both.

Rule 11(b)(3) requires that McLaughlin certify "that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions [in the complaint] have evidentiary support." In this case, DIRECTV alleges, on information and belief, that the defendant purchased "<u>one (1)</u> Atomic Multi-Purpose from DSS-Pro." Compl. ¶19(a) (emphasis added). DIRECTV implies that the Atomic Multi-Purpose is a "Pirate Access Device." <u>Id.</u> ¶¶18-19. According to DIRECTV, "Pirate Access Devices" are "devices [] that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV." <u>Id.</u> ¶18. DIRECTV further alleges that the defendant "received DIRECTV's satellite transmission of television

programming without authorization, in violation of 47 U.S.C. §605(a);" "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept DIRECTV's satellite transmissions of television programming;" "<u>distributed</u> one or more Pirate Access Devices to third parties (emphasis added);" and "assembled, manufactured and/or modified existing equipment knowing or having reason to know that the device(s) thereby created were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming." <u>Id.</u> ¶¶ 28, 33, 37, 44.

It is not clear from the face of the Complaint whether DIRECTV considers a device to be a Pirate Access Device if the device can be used to permit unauthorized reception of the television programming that DIRECTV transmits via satellite, but can also be used for a variety of other tasks. The court is not familiar with the "Atomic Multi-Purpose" device. As part of his response to this Memorandum and Order, Mr. McLaughlin should explain his understanding, at the time the Complaint was filed, of what an "Atomic Multi-Purpose" device is and what tasks it could be used to perform.

The court is also particularly concerned that DIRECTV and its attorney may not have a reasonable inquiry before alleging that the defendant in this case, who allegedly bought a single "Atomic Multi-Purpose", has distributed "Pirate Access Devices" to others.

Compare Compl. ¶19 with id. ¶37. The allegation that the defendant distributed devices to others may be of practical significance because the Federal Communications Act provides for increased statutory damages for an individual who is a distributor as compared to an individual who is an end-user.

The court understands that some end-users may have violated 18 U.S.C. §2511 and arguably violated 47 U.S.C. §605(e)(4). The law provides for a minimum statutory damages award of $10,000 for violations of these statutes, should the court decide to award damages. See 18 U.S.C. §2520(c)(2)(B); 47 U.S.C. §605(e)(3)(C)(i)(II). This is the same minimum amount of damages associated with distributing or importing devices that the defendant knows are "primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services." 47 U.S.C. §605(e)(4). However, when the conduct complained of is addressed specifically by 47 U.S.C. §605, the court may be justified in exercising its discretion not to award any damages under 18 U.S.C. §2520. DIRECTV, Inc. v. Brown, No. 03-16094, 2004 WL 1178469, at *3-*4 (11th Cir. May 28, 2004) (finding that damages award under 18 U.S.C. §2520 is discretionary); DIRECTV, Inc. v. Huynh, No. 1:03-cv-0826-T, 2004 WL 1123830, at *5-*7 (M.D. Ala. May 19, 2004) (finding award of reasonable attorney's fees mandatory, but award of damages discretionary); DIRECTV, Inc. v. Guzzi, 308 F. Supp. 2d 788, 790

(E.D. Mich. 2004) ("The Sixth Circuit agreed with the Fourth and Eighth Circuits in determining that district courts enjoy discretion whether to assess damages under 18 U.S.C. §2520(c)(2)."). But see Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990) (finding that there is no discretion to refuse to award damages under §2520).

Moreover, it may be most appropriate for the court to exercise its discretion not to award damages for a single violation of 47 U.S.C. §605(e)(4) to ensure that, even if the actions of a typical end-user are within the literal scope of 47 U.S.C. §605(e)(4), end-users are not subject to the same enhanced statutory damage awards as distributors. Therefore, although the plaintiff has moved for a default judgment on only counts II and IV, the factual allegations relating to distribution associated with count III are of particular interest to the court. Therefore, as part of his response to this Memorandum and Order, Mr. McLaughlin should explain what inquiry he and/or DIRECTV made before including the allegations in paragraphs 37 and 40 in the Complaint. Mr. McLaughlin shall also identify all of the acts he believes the plaintiff performed that serve as the basis for the allegations in paragraphs 44 and 47 of the Complaint and explain why he believes those acts fall within the scope of 47 U.S.C. §605(e)(4).

Accordingly, it is hereby ORDERED that John M. McLaughlin, Esq. shall, by October 21, 2004, consult DIRECTV and show cause why

5

he has not violated Federal Rule of Civil Procedure 11(b) with respect to paragraphs 18, 19, 21, 37, 40, 44 and/or 47 of the Complaint.

                                                    /s/ MARK L. WOLF  
                                                  UNITED STATES DISTRICT JUDGE