IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DIRECTV, INC.

                    Plaintiff.

v.                          Civil Action Number 3:03CV449

GEORGE HITE, et al.

                    Defendants.

FILED FEB 13 2004 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## FINAL ORDER

Pursuant to the accompanying Findings of Fact and Conclusions of Law, IT IS ORDERED AND ADJUDGED that judgment is awarded in favor of Plaintiff DIRECTV, Inc., against Defendant Douglas Mitchell, in the amount of $10,000 in statutory damages, plus interest at a judgment rate of 1.28% until paid, plus $7,373.24 in attorney's fees and costs. The total attorney's fees includes attorney's fees of $1,733.00 relating to the aborted deposition and the Motion for Sanctions against Defendant Mitchell.

Moreover, Defendant Mitchell is PERMANENTLY ENJOINED from committing or assisting in commission of any violation of 47 U.S.C. § 605, 18 U.S.C. §§ 2511 or 2512. The remaining Defendants in this case have been dismissed by Court Orders. Accordingly, this matter is closed.

Defendant is advised that pursuant to Federal Rule of Appellate Procedure 4, he may appeal this Court's decision to the United States Court of Appeals for the Fourth Circuit by filing a Notice of Appeal with the district clerk within thirty (30) days of this Order.





EXHIBIT A

Let the Clerk send a copy of this Order to all parties of record.

It is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

FEB 1 3 2004
_____
DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
FEB 13 2004
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DIRECTV, INC.

                Plaintiff.

v.                              Civil Action Number 3:03CV449

GEORGE HITE, et al.

                Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court having heard evidence and argument at a non-jury trial on February 12, 2004, hereby makes the following findings of fact and conclusions of law:

### I.  FINDINGS OF FACT

This is an action for injunctive relief and damages for the improper receipt, transmission, and use of satellite programming signals. The Plaintiff is DIRECTV, Inc. ("DIRECTV"), a California corporation. The Defendant, Douglas Mitchell ("Mitchell"), resides in Hopewell, Virginia. The other Defendants in this case have been dismissed pursuant to Court Orders.

DIRECTV is in the business of distributing satellite television broadcasts throughout the United States. DIRECTV markets several different satellite television packages. Consumers may select from forty premium movie channels, such as Home Box Office, Showtime, and Cinemax, as well as local channels for many markets throughout the United States. DIRECTV targets individuals interested in specialized sports packages and offers subscriptions to those specialized sporting packages, including professional football, basketball, hockey, baseball, and soccer. DIRECTV also



offers specialized, one-time-viewing movies and events in the form of pay-per-view channels, and numerous pay-per-view boxing and special event matches. Acquiring the rights to distribute all of this television programming results in significant expense to DIRECTV.

DIRECTV has invested billions of dollars to develop its satellite system. In order to provide security for and prevent unauthorized viewing of its programming, DIRECTV encrypts, i.e., electronically scrambles, its satellite transmissions. Each DIRECTV customer obtains system hardware, including a receiver and a small satellite dish, that is provided with a DIRECTV access card and is required to establish an account with DIRECTV. On activation of the account and payment of the subscription price, DIRECTV activates the access card by permitting the customer to receive and view in a decrypted, i.e., unscrambled, format those channels to which the customer has subscribed or otherwise made arrangements to purchase from DIRECTV.

DIRECTV created and staffed the Office of Signal Integrity in order to investigate and prevent the theft of DIRECTV satellite programming. In addition to the cost of a permanent, full-time investigative staff, DIRECTV has, on a case-by-case basis, contracted with private investigators to assist in its investigation into allegations of signal theft.

In order to address piracy problems, DIRECTV periodically transmits electronic countermeasures ("ECMs"), which are electronic signals sent through the data stream to disable illegal access cards. This requires the expenditure of funds to purchase sample illegal devices from the pirate marketplace for testing, and the devotion of engineering time to write the software for, test, and implement the ECM. In addition, DIRECTV created the End-User Development Group to pursue end-users of pirate devices.

Piracy affects DIRECTV immeasurably. An individual using one pirated access card has access to over a million dollars worth of programming services annually. While this includes the purchase price of every program broadcast on each channel every day, the value of subscriptions and movies viewed only once is well over $150,000 annually.

On May 25, 2001, DIRECTV executed Writs of Seizure at the mail shipping facility used by several major distributors of pirate access devices, including, among others, Vector Technologies, DSS-Stuff, Shutt, Inc., Whiteviper, Intertek, and DSS-Hangout (collectively, the "Fulfillment Pirate Group"). During and subsequent to the raid, DIRECTV obtained a substantial body of various business records evidencing the ongoing illegitimate enterprise, including orders, invoices, electronic communications, shipping documentation, purchase receipts, and credit card receipts. Each record confirmed the existence of a source for the country-wide distribution of devices primarily designed for the unauthorized interception of DIRECTV's satellite programming. Moreover, the records plainly evidenced Defendant Mitchell's purchase of pirate access devices from a member of the Fulfillment Pirate Group.

On March 7, 2001, Defendant Mitchell purchased two pirate access devices from the Fulfillment Pirate Group. Defendant Mitchell placed his order using interstate or foreign wire facilities, and received his order through the United States Postal Service or commercial mail carrier. Specifically, Defendant Mitchell purchased a Vector Super Unlooper w/ X Code and a Vector Smart Card Emulator.

The Unlooper and the Emulator are designed specifically to permit the surreptitious interception of DIRECTV satellite programming. The Unlooper is designed to restore functionality to illegally modified DIRECTV access cards that were disabled by misuse or by DIRECTV's ECMs,

3

and is specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access cards. Furthermore, the purchase of an Unlooper indicates that the person purchasing it already possessed one or more illegally modified DIRECTV access cards. The Emulator is a printed circuit board device.

The Unlooper and Emulator were shipped from the Pirate Fulfillment Group to Defendant Mitchell at his address in Hopewell, Virginia. Mitchell then used the pirate devices to facilitate the viewing of DIRECTV programming without payment.

## II. CONCLUSIONS OF LAW

Defendant Mitchell violated the Federal Communications Act, 47 U.S.C. § 605(a), by receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization, and used such transmission for his own benefit or the benefit of another not entitled thereto. DIRECTV has proprietary rights in the intercepted satellite transmission. Mitchell's violation has injured and will continue to injure DIRECTV by depriving DIRECTV of its ability to maximize revenues, which it seeks to derive from satellite transmissions.

Defendant Mitchell also violated the Federal Communications Act, 47 U.S.C. § 605(e)(4), by assembling or modifying devices, knowing or having reason to know that the devices were primarily used for the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or were intended to assist other persons in the unauthorized reception and use of DIRECTV's encrypted satellite transmissions of television programming. DIRECTV has proprietary rights in its satellite transmission. Mitchell's violation has injured and will continue to injure DIRECTV by depriving DIRECTV of its ability to maximize revenues, which it seeks to derive from satellite transmissions.

Finally, Defendant Mitchell violated the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(a), by intentionally intercepting, attempting to intercept, or having another person intercept or attempt to intercept, DIRECTV's encrypted satellite transmission of television programming. DIRECTV has proprietary rights in its satellite transmission. Mitchell's violation has injured and will continue to injure DIRECTV by depriving DIRECTV of its ability to maximize revenues, which it seeks to derive from satellite transmissions.

An appropriate Order shall issue.

Let the Clerk send a copy of this Findings of Fact and Conclusions of Law to all parties of record.

It is SO ORDERED.

_____
James R. Spencer
UNITED STATES DISTRICT JUDGE

FEB 13 2004
_____
DATE

5