**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (Eastern Division)**

| | |
|---|---|
| **DIRECTV, Inc.** ) | Case No.: **03cv12292 MLW** |
| ) | |
| Plaintiff, ) | |
| ) | **DIRECTV AND ITS COUNSEL'S** |
| vs. ) | **SUPPLEMENTAL RESPONSE TO** |
| ) | **THE COURT'S ORDER TO SHOW** |
| **Craig Patrick** ) | **CAUSE REGARDING POSSIBLE FED.** |
| ) | **R. CIV. P 11 VIOLATIONS** |
| Defendant ) | |

  Since the date of the Plaintiff's and Plaintiff's Counsel's initial response to the pending Rule 11 show cause order, Plaintiff's counsel has discovered other recent cases which may affect the Court's ruling on this matter and which are hereby brought to the attention of this Court to supplement the initial response.

  Through a search of the "PACER" electronic filing system, Plaintiff's counsel has determined that law firms, other than Plaintiff's Counsel, when representing other telecommunications plaintiffs, commonly make allegations in their complaints of unauthorized interception *or in the alternative* assisting a third party(s), distribution or trafficking based upon information that the defendant in question purchased only one piracy device. A similar allegation in the Plaintiff's Complaint was one of the allegations which brought judicial scrutiny of the Complaint in this Civil Action. Allegations wherein a telecommunications plaintiff alleges unauthorized interception *or in the alternative* assisting a third party, distribution or trafficking on information that a defendant in question purchased only one piracy device will hereinafter be referred to as "in the alternative" allegations.

  Plaintiff's Counsel's search for complaints with the "in the alternative" allegations was by no means exhaustive. The search was limited to Massachusetts and Connecticut (where

Page 1

Plaintiff's Counsel is licensed and he is familiar with statutory and case law authority) and only to the more recent cases. Based upon the findings, it is reasonable to infer that the utilization of the "in the alternative" allegation in a telecommunications complaint is fairly common. In fact, the "in the alternative" allegation appears to be almost a standard in the industry.

Specifically, the other law firms (including some of the largest firms in Hartford and Boston) and national telecommunications plaintiffs utilizing the "in the alternative" allegations in their complaints are as follows:

1. The law firms of Day, Berry & Howard of Connecticut and Lefkowitz, Louis & Sullivan, LLP of New York recently made the "in the alternative" allegations on multiple complaints for Cablevision of Connecticut; wherein they alleged that the defendant in question "purchased one or more 'pirate' cable television descrambling and decoding devices" and they plead that the defendant in question used the device at his own residence or "in the alternative" the defendant assisted others. See Cablevision Complaints, Exhibits A and B to the affidavit of John M McLaughlin;

2. The law firm of Murtha Cullina, LLP of Massachusetts and Connecticut recently made the "in the alternative" allegations on multiple complaints for Charter Communications Entertainment I, LLC wherein they alleged that the defendant in question "purchased a cable theft device" and they plead that the defendant "used or assisted other persons in the use of a cable theft device …" See Charter Complaints Exhibits C, D and E to the affidavit of John M McLaughlin;

3. The law firm of Lonstein Law office of New York last year made the "in the alternative" allegation in a complaint for EchoStar Technologies Corporation in this

court before the Honorable Judge Mark L. Wolf, wherein they alleged that the defendant in question "purchased or otherwise distributed pirating device (s)" and they plead that the defendant "… sold and/or distributed pirate devices…"  See EchoStar Complaint, Exhibit F to the affidavit of John M McLaughlin;

All of these complaints are at various stages of litigation. Some of the cases are still pending, some cases went to default judgment and some appear to have settled. Yet, it does not appear that in any of these cases did the Judge in question; including the Honorable Judge Mark L. Wolf (in the EchoStar case) question the viability or good-faith bases of the allegations in the complaints although they appear to be extremely similar to the Complaint in this Civil Action.

In fact, and as set forth in prior filings the piracy device that this Defendant purchased could itself be used to manufacture innumerable other piracy devices.  This is not true for the cable television piracy devices which are the subject of many of the above referenced complaints.  Therefore, the Complaint in this Action would actually stand on a much better factual footing than the complaints of the above referenced cable television companies.

Additionally, while the Plaintiff, in due deference to this Court, timely withdrew its allegations against the Defendant with reference to Title 18 U.S.C. § 2520 where his Honor expressed concerns about the statutory minimum damage award for that count, the Plaintiff, nonetheless, wishes to point out that there does appear to be case law in this First Circuit (with the Honorable Judge Robert E. Keeton sitting by designation) justifying the claim that a civil violation of Title 18 U.S.C. § 2520 does carry with it a minimum civil statutory damage award of $10,000.00.  Title 18 U.S.C. § 2520(c)(2)(B) provides for civil statutory damages for the

Page    3

surreptitious interception of electronic communications in violation of Title 18 U.S.C. § 2511. Title18 U.S.C. § 2520(c)(2)(B) provides for statutory damages of " whichever is the greater of $100 a day for each day of violation or $10,000.00". This provision of § 2520 amounts to a minimum statutory damage award of $10,000.00 for a violation of Title 18 U.S.C. § 2511. See *Desilets v Wal-Mart Stores, Inc.,* 171 F. 3rd 711 (1st Cir. 1999).

In the *Wal-Mart* case, the First Circuit dealt with the damage provisions of § 2520 on an appeal from the District of New Hampshire. The trial court had made an award of $20,000.00 for each of the multiple plaintiffs pursuant to § 2520 under the theory that there was a $10,000.00 minimum statutory damage award for the interception of the plaintiffs' communications and a separate $10,000.00 minimum statutory damage award for the dissemination of the communications. The First Circuit rejected the double award, but the court used explicit language with reference to the minimum statutory damage award provision saying:

> No doubt the provision anticipates a range of possible circumstances, extending from one violation on one day to scores of distinct violations on another day, and even a multitude of days on which violations occur, perhaps extending over many months. Whatever the circumstances, however, if violations occur on 100 days *or less,* then the minimum statutory award of $10,000 must be paid. If, on the other hand, violations occur on more than 100 days, then of course the higher statutory award of $100 per day must be paid. *Id* at 714 (emphasis in the original)

Accordingly, at least in the First Circuit, the Statutory minimum damage award for a defendant's utilization of a Pirate Access Device to intercept electronic communications without authorization in violation Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a) is $10,000.00 pursuant to Title 18 U.S.C. § 2520(c)(2)(B).

| 3/24/05 | /s/ John M. McLaughlin |
|---|---|
| Date | John M. McLaughlin (BBO: 556328) |
| | **Green, Miles, Lipton & Fitz-Gibbon** |
| | 77 Pleasant Street |
| | P.O. Box 210 |
| | Northampton, MA 01061-0210 |
| | (413) 586-0865 |

Page   4

Case 1:03-cv-12292-MLW   Document 21   Filed 03/24/2005   Page 5 of 7

**CERTIFICATE OF SERVICE**

    I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 24th day of March, 2004, a copy of the foregoing Supplemental Response to the Court's Order to Show Cause Regarding Possible Fed. R. CIV. P 11 Violations and Affidavit in Support of Supplemental Response were mailed first class to:

Craig Patrick
54 Holly Lane
Holliston, MA

                                                                    /s/ John M. McLaughlin

                                                                    John M. McLaughlin, Esq.