UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Eastern Division)

| | | |
|---|---|---|
| **DIRECTV, Inc.** | ) | Case No.: **03cv12292 MLW** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF JOHN M.** |
| vs. | ) | **MCLAUGHLIN IN SUPPORT OF** |
| | ) | **DIRECTV AND ITS COUNSEL'S** |
| | ) | **SUPPLEMENTAL RESPONSE TO** |
| **Craig Patrick** | ) | **THE COURT'S ORDER TO SHOW** |
| | ) | **CAUSE REGARDING POSSIBLE FED.** |
| Defendant | ) | **R. CIV. P 11 VIOLATIONS** |

Now comes the Affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

1. I, John M. McLaughlin, represent the Plaintiff in the above-entitled action.

2. I am a member of the Law Firm of Green, Miles, Lipton & Fitz-Gibbon.

3. I've always believed that my Complaint in this action was well-grounded and made in good faith. This is so even though I alleged, in the alternative, that the Defendant distributed the subject piracy device (or devices made with this particular piracy device).

4. Anecdotally I understood my telecommunications piracy practice to be extremely similar as to the other New England and northeast and law firms practicing in this area.

5. With these beliefs in mind I recently undertook an examination of various television piracy complaints found in the "PACER" electronic docketing system.

6. I limited my search to recent cases and to the states of Connecticut and Massachusetts where I am licensed.

7. I searched for cases where telecommunications plaintiffs made allegations in their complaints of unauthorized interception *or in the alternative* allegations of assisting a third party(s), distribution or trafficking based upon information that the defendant in question purchased only one piracy device.

8. I have found that other law firms, including some of the largest law firms in New England and other telecommunications companies including national television companies utilize complaints extremely similar to mine even where the complaint appears to be based upon the purchase of a single piracy device.

9. Specifically, the other law firms and national telecommunications plaintiffs utilizing the "in the alternative" allegations in their complaints that I discovered in my search are as follows:

    a. The law firms of Day, Berry & Howard of Connecticut and Lefkowitz, Louis & Sullivan, LLP of New York recently made the "in the alternative" allegations on multiple complaints for Cablevision of Connecticut; wherein they alleged that the defendant in question "purchased one or more 'pirate' cable television descrambling and decoding devices" and they plead that the defendant in question used the device at his own residence or "in the

        alternative" the defendant assisted others. See Cablevision Complaints, Exhibits A and B.

b. The law firm of Murtha Cullina, LLP of Massachusetts and Connecticut recently made the "in the alternative" allegations on multiple complaints for Charter Communications Entertainment I, LLC wherein they alleged that the defendant in question "purchased a cable theft device" and they plead that the defendant "used or assisted other persons in the use of a cable theft device …" See Charter Complaints Exhibits C, D and E;

c. The law firm of Lonstein Law office of New York last year made the "in the alternative" allegation in a complaint for EchoStar Technologies Corporation in this court before the Honorable Judge Mark L. Wolf, wherein they alleged that the defendant in question "purchased or otherwise distributed pirating device(s)" and they plead that the defendant "… sold and/or distributed pirate devices…" See EchoStar Complaint, Exhibit F;

10. All of these complaints are at various stages of litigation. Some of the cases are still pending, some cases went to default judgment and some appear to have settled. Yet, it does not appear that in any of these cases did the Judge in question; including the Honorable Judge Mark L. Wolf (in the EchoStar case) question the viability or good-faith bases of the allegations in the complaints although they appear to be extremely similar to the Complaint in this Civil Action.

11. Again I implore this court to believe that I was acting in good faith and had a good faith basis when I made the allegations in this complaint.

12. In fact, and as set forth in prior filings the piracy device that this Defendant purchased could itself be used to manufacture innumerable other piracy devices.  This is not true for the cable television piracy devices which are the subject of many of the above referenced complaints.  Therefore, my Complaint would actually stand on a much better factual footing than the complaints of the above referenced cable television companies.

| | |
|---|---|
| 3/24/05 <br> Date | __/s/ John M. McLaughlin_____ <br> John M. McLaughlin (BBO: 556328) <br> **Green, Miles, Lipton & Fitz-Gibbon** <br> 77 Pleasant Street <br> P.O. Box 210 <br> Northampton, MA 01061-0210 <br> (413) 586-0865 |