RECEIPT # 55128
AMOUNT $ 150-
SUMMONS ISSUED /
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-9-04

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

ECHOSTAR TECHNOLOGIES
CORPORATION

          Plaintiff,

- against -

HANY SAID,

          Defendants.

COMPLAINT

Civil No.

**04-10725MLW**

MAGISTRATE JUDGE _____

Plaintiff, **ECHOSTAR TECHNOLOGIES CORPORATION** ("ECHOSTAR"), brings this action against Defendant(s), **HANY SAID**, and hereby seeks injunctive relief and compensatory and statutory damages for Defendant's unlawful purchase, acquisition, employment and use of satellite piracy devices, all of which are primarily designed, produced and/or marketed for the purpose of circumventing the encryption and other signal protection technological measures employed by ECHOSTAR to prevent the theft of and unlawful access to ECHOSTAR's satellite television programming.

### JURISDICTION

This Court has original federal question jurisdiction and supplemental jurisdiction over this action under the Digital Millennium-Copyright Act, 17 U.S.C. § 1201 and § 1203, *et seq.*, and the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.* Alternatively, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (a) (1) by virtue of the complete diversity of citizenship of the parties in an action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Plaintiff, ECHOSTAR, by and through its counsel, LONSTEIN LAW OFFICE, P.C., upon information and belief, alleges as follows:

## INTRODUCTION

1. Plaintiff, ECHOSTAR, operates throughout United States a state-of-the-art satellite entertainment programming service. ECHOSTAR delivers hundreds of channels of digital entertainment, and informational programming to homes and businesses equipped with specialized digital satellite system equipment. ECHOSTAR provides different levels of programming based on the particular subscription package that a ECHOSTAR subscriber purchases. ECHOSTAR encrypts its satellite transmissions and employs technology specifically designed to limit programming access to only those lawful subscribers who pay for its services. The technology partially relies on "access cards" provided to consumers as components of the digital satellite system equipment and which, upon activation by ECHOSTAR, decrypt ECHOSTAR's satellite signals and permit subscribers to view programming. These access cards are but one of the security measures employed by ECHOSTAR in order to protect its programming against unauthorized access ("Pirating").

2. Upon information and belief, Defendant HANY SAID (hereinafter "Defendant SAID"), is an individual who acted in conjunction with third parties, including, but not limited to, manufacturers and suppliers of pirating devices, purchased, acquired, employed other otherwise used said devices specifically to circumvent ECHOSTAR's encryption access controls to permit the decryption and unauthorized receipt of ECHOSTAR's television programming

3. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant SAID is subject to personal jurisdiction in this District by virtue of his intentional purchase, use, employment, installation or other illegal use of pirate devices within this District. Additionally, venue is proper in this District under 28 U.S.C. § 101 because a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

4. ECHOSTAR is a Texas corporation with its principal place of business located at 5701 S. Santa Fe Drive, Littleton, Colorado.

5.  Upon information and belief, Defendant SAID is an individual who, resides at 36 Orne Street, North Attleboro, Massachusetts 02760, and who is or was a subscriber to the services of ECHOSTAR, or who is accessing the proprietary signals using a digital satellite dish along with a pirate device without purchasing any level of service from ECHOSTAR.

## FACTUAL BACKGROUND

### ECHOSTAR AND THE SATELLITE TELEVISION BROADCASTING BUSINESS

6.  ECHOSTAR has invested billions of dollars to develop a nationwide, state-of-the-art digital satellite entertainment service. ECHOSTAR delivers television programming to millions of subscribers in the United States equipped with digital satellite system hardware. This hardware consists of a satellite dish, an integrated receiver descrambler ("IRD") and an access card that is necessary to operate the IRD. Through this technology, ECHOSTAR offers programming including major cable networks, studio movies and special events offered on a pay-per-view basis, local network channels in select areas, and a variety of other sports and special interest programs and packages. ECHOSTAR has the exclusive right to broadcast via satellite some of these programs.

7.  Purchasers of digital satellite system equipment can subscribe to various packages, of ECHOSTAR programming, for which the subscriber pays a fee. Subscribers can also order pay-per-view events and movies, either by using an on-screen menu and a hand-held remote control device, or by calling ECHOSTAR and ordering the program over the telephone.

8.  ECHOSTAR sells programming, most of which it purchases from program providers such as cable networks, motion picture distributors, sports leagues, event promoters and other programming copyright holders. ECHOSTAR contracts and pays for the right to distribute the programming to its subscribers. In addition, ECHOSTAR holds exclusive satellite distribution rights in some of the programming and it creates its own original content programming, to which ECHOSTAR owns the copyright.

## SIGNAL ENCRYPTION

9. ECHOSTAR delivers its programming from its earth-based uplink centers which first compress, encrypt and digitize programming before transmitting the signals to multiple satellites located in orbit thousands of miles above the earth.

10. Upon reception by the satellites, the signals are transmitted back to earth, where they can be received by ECHOSTAR's subscribers homes or businesses which are equipped with digital satellite system dishes and IRDs. Once received by the dish, the signals are transmitted by wire to the IRD. The IRD acts like a computer which processes the incoming signal using a conditional access security device, which, in turn, allows the encrypted signal to be viewed by authorized subscribers.

11. The conditional access security system, which looks much like a credit card, was developed by ECHOSTAR in conjunction with others to ensure that only lawful customers would be able to view its programming.

12. After a customer installs the dish, IRD and access card at his home or business, the access card blocks access to ECHOSTAR programming until the customer purchases one or more programming packages from ECHOSTAR. When the customer subscribes to a package, ECHOSTAR electronically activates the subscriber's access card in accordance with that subscription. The access card then acts as a re-programmable microprocessor and uses "smart card" technology to (a) control which ECHOSTAR programming the subscriber is permitted to view; and (b) capture and transmit to ECHOSTAR the subscriber's pay-per-view information.

13. Because ECHOSTAR generates its revenues through sales of subscription packages, it must be able to condition access to programming on the purchase of legitimate subscriptions. Accordingly, ECHOSTAR devotes substantial resources to the continued development and improvement of its security system.

14. As is often the case with new technology, almost simultaneously with introduction into the marketplace, modern day pirates engage in the process of breaking through security measures to gain access, without payment, to proprietary signals such as those owned by ECHOSTAR. As a result,

ECHOSTAR has a constant need to modify existing and develop new technologies designed and intended to battle piracy.

15. By circumventing ECHOSTAR's security measures, pirates gain full access to all of ECHOSTAR's programming, including pay-per-view events. Because the access cards are the primary security mechanism relied on by ECHOSTAR, the primary focus of satellite piracy has been modifying and selling "pirate" access cards and selling devices that enable such modification.

16. But for the employment of "pirate" access cards, only lawfully paying customers of ECHOSTAR should be able to view its proprietary signals, the combined monthly value of which, if accessed illegally by one person, exceeds tens of thousands of dollars.

17. ECHOSTAR's ability to attract and retain subscribers, protect and maintain rights to distribute copyrighted programming, and to prevent unnecessary increases in rates charged to lawful customers which result from losses associated with piracy depends on ECHOSTAR's ability to successfully combat pirates. Despite such security measures, including the civil prosecution of the pirate industry, ECHOSTAR's business has suffered and continues suffer monumental losses.

## DEFENDANT'S UNLAWFUL ACTIONS

18. Upon information and belief, Defendant SAID personally uses or used such pirate devices to illegally access the proprietary signals of ECHOSTAR.

19. On information and belief, the pirate device (s) that Defendant SAID purchased, or otherwise acquired have only one purpose: the bypassing of ECHOSTAR's encryption protection to permit the unlawful decryption of ECHOSTAR's signal and the unauthorized receipt of television programming.

20. In conjunction with a law enforcement investigation of an entity doing business as "DSS WHIZ," it was documented that Defendant SAID acquired, purchased or otherwise obtained pirating device (s), as well as related equipment, specifically designed and modified for, marketed and advertised as enabling unauthorized access to ECHOSTAR's proprietary signals and defeating electronic countermeasures ("ECMs") employed by ECHOSTAR., all without payment.

21. Upon information and belief, Defendant SAID purchased one (1) JTAG, one (1) Wafer, and one (1) Wafer Programmer from DSS WHIZ.

22. Upon information and belief, the pirating devices not only allow unauthorized access to ECHOSTAR's proprietary signals, but also restores ECHOSTAR access cards damaged by ECMs and enables the cards to again allow circumvention of ECHOSTAR's access control security.

23. Upon information and belief, Defendant SAID uses or used said pirate device(s) with knowledge that the devices are used to circumvent technological measures that effectively control access copyrighted works and that protect the exclusive rights of copyright owners.

24. Upon information and belief, the pirate device(s) used by Defendant SAID serve one primary purpose: they are meant to bypass ECHOSTAR'S encryption protection and, thus, permit the unlawful decryption of ECHOSTAR's signal and the unauthorized receipt of television programming.

25. By acquiring said pirating device (s), Defendant SAID has intentionally engaged in the unauthorized decryption and reception of ECHOSTAR's satellite television programming and electronic communications for financial gain.

26. Defendant SAID'S conduct as alleged herein has caused and continues to cause ECHOSTAR irreparable harm.

## COUNT I
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA), 17 U.S.C. § 1201(a) (1) (A)

27. ECHOSTAR realleges each and every allegation set forth in Paragraphs 1 through 26, inclusive, and incorporates them by reference herein.

28. Defendant SAID is using a pirated ECHOSTAR card to circumvent ECHOSTAR's technological measures that control access to copyrighted programming in violation of 17 U.S.C.§ 1201 (a) (1) (A).

29. Defendant SAID'S acts constituting DMCA violations have been and continue to be performed without the permission, authorization or consent of ECHOSTAR, its licensees, assigns or any owner of broadcasted copyrighted programming.

30. Defendant SAID'S conduct has caused damage to ECHOSTAR, and has unjustly enriched Defendant SAID in an amount to be proven at trial.

31. ECHOSTAR's remedy at law is not adequate. Unless restrained by this Court, Defendant SAID will continue to violate Section 1201 of the DMCA. Complete protection of ECHOSTAR's rights should include an injunction, as well as all other remedies available.

## COUNT II
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA), 17 U.S.C. § 1201(a) (2), and (b)(1)

32. ECHOSTAR realleges each and every allegation set forth in Paragraphs 1 through 31, inclusive, and incorporates them by reference herein.

33. Defendant SAID acquired pirate device (s) in violation of 17 U.S.C. §1201 (a) (2) and 1201(b).

34. Defendant SAID'S pirate device (s) are primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work and that protects the exclusive rights of copyright owners.

35. Defendant SAID'S pirate device (s) have no commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a copyrighted work and that protects the exclusive rights of copyright owners.

36. Defendant SAID acquired such pirate device (s) with knowledge that they are for use in circumventing ECHOSTAR's technological access controls and copyright protection.

37. Defendant SAID'S acts, which constitute DMCA violations, have been and continue to be performed without the permission, authorization or consent of ECHOSTAR, its licensees, assigns or any owner of broadcasted copyrighted programming.

38. Defendant SAID has violated §1201 of the DMCA, willfully and for purposes of private financial gain.

39.    As a result of the foregoing, ECHOSTAR is entitled to the greater of its actual damages together with any profits made by Defendant SAID that are attributable to the violations alleged herein, or statutory damages in the amount of up to $2,500 for each violation of 17 U.S.C. § 1201 (a)(1) and (2), and (b)(1), pursuant to 17 U.S.C. S 1203 (c)(2) and (3)(A), together with costs, disbursements and reasonable attorneys fees incurred herein.

COUNT III
ASSISTING THE UNAUTHORIZED
DECRYPTION OF SATELLITE PROGRAMMING IN
VIOLATION OF 47 U.S.C. §605(a) AND (e) (4)

40.    ECHOSTAR repeats and realleges Paragraphs 1 through 39, inclusive, and incorporates them by reference herein.

41.    Defendant SAID received ECHOSTAR's transmissions, without authorization by ECHOSTAR and for his own benefit, in violation of 47 U.S.C. § 605(a).

42.    Defendant SAID acquired, assembled, modified, sold and/or distributed pirate devices knowing or having reason to know that they are primarily of assistance in the unauthorized decryption of direct-to-home satellite services, in violation of 47 U.S.C. § 605 (a) and (e) (4).

43.    Defendant SAID violated 47 U.S.C. § 605(a) and (e)(4) willfully and for the purposes of direct or indirect commercial advantage or private financial gain.

44.    With full knowledge that ECHOSTARS' proprietary signals were not to be received and exhibited by those unauthorized to do so, Defendant SAID and/or his agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled ECHOSTARS' satellite signals and did receive ECHOSTARS' programming at the above-captioned address, or other addresses, presently unknown to Plaintiff, at the time of their transmission, willfully and for purposes of direct or indirect commercial advantage or private financial gain.

45.    47 U.S.C. §605 prohibits the unlawful interception and use of communications such as the transmission for which Plaintiff, ECHOSTAR, owned or had the distribution rights thereto.

46. By reason of the aforementioned conduct, Defendant SAID willfully violated 47 U.S.C. §605(a).

47. By reason of Defendant SAID'S violation of 47 U.S.C. §605 (a), Plaintiff, ECHOSTAR, has a private right of action pursuant to 47 U.S.C. §605.

48. As a result of Defendant SAID'S willful violation of 47 U.S.C. §605 (a), Plaintiff, ECHOSTAR, is entitled to the greater of its actual damages or statutory damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii), of up to $110,000.00 as to each pirate device purchased, owned, used, employed, or otherwise acquired by Defendant SAID.

49. Pursuant to 47 U.S.C. §605, Plaintiff, ECHOSTAR, is also entitled to an award of full costs, interest and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ECHOSTAR seeks a judgment against Defendant SAID as follows:

A. For a grant of preliminary and permanent injunctive relief restraining and enjoining Defendant SAID and his employees, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with them, from the following acts:

(1) possessing, purchasing, acquiring or otherwise dealing in any pirate devices, or any other technology, product, service, device, component, or part thereof, that

(a) are primarily designed or produced for the purpose of circumventing the encryption access control protection contained in the software on ECHOSTAR's access cards, or any other technological measure adopted by ECHOSTAR that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

(b) have only limited commercially significant purpose or use, the purpose of which is to circumvent ECHOSTAR's encryption access control protection, or any other technological

measure adopted by ECHOSTAR that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming; or

(c) are knowingly acquired by Defendant SAID and/or others acting in concert with Defendant for use in circumventing ECHOSTAR's encryption access control protection, or any other technological measure adopted by ECHOSTAR that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming; and

(2) or in any other way, assembling, modifying, possessing or using any pirate devices knowing or having reason to know that such devices are primarily of assistance in the unauthorized decryption of direct-to-home satellite services; and

(3) in any other way, manufacturing, assembling, possessing, selling, acquiring or otherwise using any electronic, mechanical, or other devices, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications.

B. For an Order impounding all pirate devices or other circumvention or signal theft devices or equipment in the custody or control of Defendant SAID or related entities that the Court has reasonable cause to believe were involved in a violation of the Digital Millennium Copyright Act or 47 U.S.C. § 605.

C. Award ECHOSTAR the greater of its actual damages or statutory damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii), of up to $110,000.00 as to each pirate device purchased, owned, used, employed, acquired, re-sold and/or distributed by Defendant SAID.

D. Award ECHOSTAR the greater of its actual damages together with any profits made by Defendant SAID that are attributable to the violations alleged herein, or statutory damages in the amount of up to $2,500 for each violation of 17 U.S.C. § 1201 (a) (1), (2) and (b) (1), pursuant to 17 U.S.C. S 1203 (c) (2) and (3) (A)

        E.      For an award of ECHOSTAR's costs, reasonable attorneys' fees, and investigative fees.

        F.      Prejudgment interest on all and damages granted by this Court.

        G.      Such other and further relief as the Court deems just and proper.

Dated: April 2, 2004
Ellenville, NY

                            ECHOSTAR TECHNOLOGIES
                            CORPORATION

                            BY: _____
                            WAYNE D. LONSTEIN
                            Attorney for Plaintiff
                            LONSTEIN LAW OFFICE, P.C.
                            Office and P.O. Address
                            1 Terrace Hill : P.O. Box 351
                            Ellenville, NY 12428
                            Telephone: (845) 647-8500
                            Facsimile: (845) 647-6277
                            *Our File No. ECT-9MA-01*

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
ECHOSTAR TECHNOLOGIES CORPORATION

### DEFENDANTS
HANY SAID

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LONSTEIN LAW OFFICE, P.C.
1 TERRACE HILL, P.O. BOX 351
ELLENVILLE, NY 12428-0351      (845) 647-8500

Attorneys (If Known)

04-10725MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Occupational Safety/Health | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans(Excl. Veterans) | [ ] 340 Marine | [ ] 690 Other | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | | [ ] 740 Railway Labor Act | | |
| [ ] 240 Torts to Land | [ ] 443 Housing / Accomodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | | [ ] 790 Other Labor Litigation | | [x] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 530 General | | |
| | [ ] 444 Welfare / [ ] 535 Death Penalty | | | |
| | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

47 U.S.C. §605 and 17 U.S.C. §1203, et seq. Defendants violated the proprietary rights of the plaintiff in unlawful intercepting of its signals and programming services.

## VII. REQUESTED IN COMPLAINT
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 170,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) (See Instructions)

DATE: 4-2-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APP___ _____ JUDGE _____ MAG. _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ECHOSTAR TECHNOLOGIES CORPORATION v. HANY SAID

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✔] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04-10725MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [✔]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [✔]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   WAYNE D. LONSTEIN
ADDRESS   1 TERRACE HILL, P.O. BOX 351, ELLENVILLE, NY 12428
TELEPHONE NO.   (845) 647-8500

(Coversheetlocal.wpd - 10/17/02)